# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CARL NATHANIEL WILLIAMS, JR., )
)
    Plaintiff, )
)
v. ) Case No. CV410-147
)
THE STATE OF GEORGIA, DISTRICT )
ATTORNEY JEFF HENDRIX, and )
AGENT CHARLES GUYER, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

In *Williams v. State of Georgia,* CV410-042, this Court comprehensively explained to Carl Nathaniel Williams, Jr., that he could not now advance a 42 U.S.C. § 1983 case against those who are currently behind a state court, criminal prosecution against him. *Id.* doc. 2, 5, 6. His cause of action accrued, the Court pointed out, only after the state court proceedings have terminated in his favor. *Id.* doc. 2 at 8. The Report and Recommendation (R&R) explaining that was served on Williams on April 6, 2010. Doc. 3.

Williams then turned around an exact copy of the *same* § 1983

complaint with the Northern District of Georgia, *Williams v. State of Georgia,* CV110-1254-WSD[1] (N.D. Ga. Apr. 23, 2010), which was transferred to this Court and renumbered CV410-147. At the same time, he unsuccessfully objected to this Court's R&R. CV410-042 doc. 4, filed April 22, 2010); *see also* docs. 5-6 (order and judgment adopting R&R and thus, dismissing his case).

Despite the § *1983* designation on that complaint, the Northern District construed it as a habeas corpus petition. CV410-147, doc. 2 at 1 n. 1. It thus arrives at this Court, via the Northern District's transfer order, as a federal habeas petition, presumably under 28 U.S.C. 2241. As this Court previously warned Williams, such a petition would likely be subject to immediate dismissal for lack of exhaustion.[2] CV410-042, doc. 2

---

[1] In an ancillary filing there, he explained that "If the courts in Savannah will not honor my suit then I want my money back. I would like to file in another district." CV410-147 doc. 1-1 at 8. Thus, Williams is shopping his case: dissatisfied with the service received in one "store," he has simply strolled down the street to another. Not one to miss a "discount," he has just paid the Court's $5 "habeas" filing fee (it's a $350 fee to file a 42 U.S.C. § 1983 complaint). *See* June 25, 2010 docket entry.

[2] Before Williams can pursue federal habeas relief, he must first exhaust his state remedies. *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby,* 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental

2

at 3.

Nothing has changed here, except that Williams has wasted Court resources. As in CV410-042, Williams's case should be dismissed. His claims against the State and prosecutor Jeff Hendrix should be DISMISSED WITH PREJUDICE, while his claim against agent Charles Guyer should be DISMISSED WITHOUT PREJUDICE. Finally, Williams will now have two 28 U.S.C. § 1915(g) strikes against him.

**SO REPORTED AND RECOMMENDED this 28th day of June, 2010.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000). Here, Williams represents that there exists a state criminal proceeding against him. If he believes that his current pretrial detention is unlawful, then he has an available state remedy, as Georgia law recognizes the right of a person "restrained under any pretext whatsoever . . . [to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a).